**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ramiro PACHECO, also known as Ramiro Pacheco, Jr., Defendant–Appellant.**

No. 05–11166

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 2007.

J. Michael Worley, Nancy E. Larson, Assistant U.S. Attorneys, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff–Appellee.

Peter Michael Fleury, Assistant Federal Public Defender, Federal Public Defender's Office, Fort Worth, TX, for Defendant–Appellant.

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Ramiro Pacheco appeals his illegal reentry conviction and sentence. Pacheco's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Pacheco contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Pacheco properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Pacheco's argument that the sentencing disparities created by U.S.S.G. § 5K3.1's fast-track sentencing program rendered

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence unreasonable is foreclosed by *United States v. Aguirre–Villa,* 460 F.3d 681, 682 (5th Cir.), *pet. for cert. filed* (Nov. 13, 2006) (06–7792). Finally, Pacheco has not established under plain error review that restricting the fast-track program to only certain geographic locations results in due process and equal protection violations.

AFFIRMED.